MOULTRIE v. DIXON.

1. Findings of fact by the Circuit Judge on appeal from a trial justice are final.
2. Under the act of 1883 (18 *Stat.*, 556), which provides an expeditious mode of ejecting trespassers, an appeal is allowed to the Circuit Court. And as the summons to show cause (the only paper served) indicated a proceeding under this act, the Circuit Court had jurisdiction to entertain the respondent's appeal.
3. And such being the character given to the proceedings by the summons, the only question involved was whether the respondent was a trespasser.

Before WALLACE, J., Berkeley, February, 1886.

The proceedings in this case were founded upon the following affidavit:

Personally appeared before me, E. T. Legare, a trial justice in and for the County of Berkeley, Sylvie Moultrie, who, being duly sworn, says that one Stanley Dixon was at some time past holding certain premises of one Parish Anderson at a monthly rent, which was due and payable the 8th day of each month, and that he has failed to pay said monthly rent when same was due, and that he was notified on August the 20th that such contract of rent would cease, and possession having been demanded by Sylvie Moultrie, agent of said Paris Anderson, he has, notwithstanding such notice, held over and refuses to yield possession.

The notice to show cause, signed by the trial justice, was as follows:

*To Stanley Dixon:* Whereas Sylvie Moultrie has, this 2d day of November, made oath that you are in possession of certain lands and tenements of one Parish Anderson, without warrant or authority of law, and that you refuse to yield possession of the

same, you are hereby required to show cause before me, at my office at Bee's Ferry, on the 9th day of November, A. D. 1885, at four o'clock, why you should not be ejected from the premises aforesaid.

Other matters are stated in the opinion of this court.

*Mr. Theo. D. Jervey, jr.*, for appellant.

*Messrs. Lee & Bowen*, contra.

March 17, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The respondent, Stanley Dixon, was summoned before E. T. Legare, a trial justice for Berkeley County, charged on oath of the appellant with being in possession of certain lands and tenements of one Parish Anderson without warrant or authority of law, and required to show cause before the trial justice on the 9th day of November, A. D. 1885, why he should not be ejected from the premises. The summons was dated on November 2, 1885, and served on November 5. Dixon appeared on November 7, and upon oath that the trial justice was a material witness in the cause (the said trial justice having acted as the agent of the landlord), he demanded that the cause be transferred to the nearest trial justice. And on the same day he made return to the summons to show cause, denying that he was in possession without authority of law, and alleging that he held the premises under a written lease, and that he was not indebted for rent, having paid the same up to October 8, 1885. To this return was attached a receipt of E. T. Legare, the trial justice, acknowledging the payment of rent in full, $12, dated October 8, 1885. Also a copy of lease, as follows : "March 8th, 1885. Agreement between Silvy Moutry and Stanley Dixon. Silvy Moutry, the first part, agrees to let Stanley Dixon, the second part, have the privilege of the store that is on the Bare Swamp Road, binding the lot Gibbes tract for five years, or as long as he wants it, for four dollars per month when it is in use."

The trial justice heard the case and ejected Dixon, on the ground that no sufficient cause had been shown. Dixon appealed to the Circuit Court, Judge Wallace presiding, who passed an

order, of which the following is a copy : "On hearing the appeal in this cause and the argument of counsel, and it appearing by the papers sent up by the trial justice, that the action was brought by the landlord when there was no rent due him, and that the judgment of the trial justice herein is erroneous : Ordered, that the judgment of the trial justice herein be, and the same is hereby, reversed, and that the proceedings be dismissed with costs."

It should have been stated above that the grounds of appeal from the trial justice court to the Circuit Court were : 1st. That the case should have been transferred to the nearest trial justice on Dixon's affidavit.    2d. That no opportunity was given by the trial justice to Dixon's attorney to be heard on the merits. And, 3d. That the trial justice erred in deciding the cause after motion to transfer.

The appeal to this court is by Sylvie Moultrie, the respondent below, who claims that his honor erred in holding that there was no rent due when the action was brought, and that the "receipt for rent did away with the effect of the notice to quit."    And, also, that he erred in not holding as claimed by the landlord, that there could be no appeal to the Circuit Court in a case like this.    And, further, that he should have held that the landlord had a right to possession when rent was due and unpaid, and that subsequent payments did not prevent the landlord from enforcing his statutory right, which had accrued when the due rent was not paid.

Whether or not all rent had been paid before the action was commenced, was a question of fact, which is beyond our province; but in passing we may say that there seems to be no doubt that his honor found correctly on this subject.    The receipt of the trial justice himself is distinct, that all rent up to October 8 had been paid in full.

According to the terms of the lease, even supposing that the case was one between landlord and tenant under section 1819, General Statutes, and was brought because of the non-payment of rent, the rent having been paid, the service of the notice to quit, probably became inoperative, as the acceptance of the rent condoned its previous non-payment, especially as the summons to

show cause was not applied for or issued until after the whole rent was paid up. But be that as it may, however, the main question before us is the right of respondent in the trial justice court to appeal to the Circuit Court in the case brought by said trial justice. Trial justices are given jurisdiction in several classes of cases involving the possession of lands and tenements, in most of which it may be doubtful whether a right of appeal is allowed, but in one of these classes, to wit, where an expeditious mode of ejecting trespassers is provided for, appeal is allowed. Act of 1883, 18 *Stat.*, 556.

Doubtless Sylvie Moultrie intended to have a proceeding instituted under section 1819, General Statutes, which provides for the summary ejectment of tenants holding over, or who fail to pay the rent when it becomes due, as appears from her affidavit made before the trial justice initiatory to the proceeding. But this affidavit was not incorporated in the summons, either in full or in substance. In that the respondent, Dixon, was charged with being in possession of the land without *warrant* or *authority* of the law. In other words, that he was a trespasser, and on that account he should show cause why he should not be ejected. And inasmuch as trespassers can be ejected by trial justices under the act of 1883 only, Dixon was well warranted in supposing that it was under that act that he was to answer. Besides, the time given in the summons to answer and show cause, was seven days from its date. True, it was not served until four days before the 9th, the day fixed for the hearing, but still the time was not that specified in section 1819. No doubt, trial justices have jurisdiction under the act of 1883, *supra*, where a person *has gone* into the possession * * * of the lands of another without *his consent or without warrant of law*, thereby becoming trespassers, but in such case the right of appeal is expressly provided for, section 3 of the act saying: "That either party to these proceedings shall have the right of appeal."

Our conclusion being that the proceeding before the trial justice, tested by the charge which Dixon was called to answer in the summons, was to eject an alleged trespasser, and not a tenant for failure to pay rent, we think that Dixon had the right of appeal, and therefore the order of the presiding judge cannot be

reversed for the want of jurisdiction on his part to hear the appeal. Nor is it obnoxious to any of the other grounds urged, as the case, in the form in which it was brought, involved no question, but whether Dixon was a trespasser in the sense of the act of 1883. The other questions raised as to the rent not being paid when due, &c., and the notice to quit, not really being in the case, we give no positive opinion upon them.

It is the judgment of this court, that the order below be affirmed.